IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTHELLEN HARRIS, individually and as personal representative of ROBERT JEAN HARRIS; HEATHER HARRIS; JAMIE HARRIS and GREG HARRIS,<br><br>    Plaintiffs,<br><br>  v.<br><br>COSTCO WHOLESALE CORPORATION; WAREHOUSE DEMO SERVICES, INC.; CARGILL MEAT SOLUTIONS CORPORATION; FRESH CHOICE INTERNATIONAL, LLC AND DOES 1-100, inclusive,<br><br>    Defendants.<br>_____/ | No. 10-cv-04626 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION (Docket No. 8) |

    Plaintiffs have filed a wrongful death action against Defendants, arising from the untimely passing of Robert Harris, who fatally choked on a large meat sample served at one of Defendant Costco Wholesale Corporation's stores.  Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6) only Plaintiffs' second cause of action, which asserts a claim based on

strict liability.  Having considered all of the parties' submissions, the Court GRANTS Defendants' motion.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

## DISCUSSION

In its seminal food product liability case, Mexicali Rose v. Superior Court, the California Supreme Court held that an injured person may state a cause of action in strict liability if the injury-causing substance is foreign to the food served.  1 Cal. 4th 617, 633 (1992).  If, however, "the presence of the natural

2

substance is due to a defendant's failure to exercise due care in the preparation of the food, an injured plaintiff may state a cause of action in negligence." Id. at 631.  The court charged the trier of fact with determining "whether the substance (i) could be reasonably expected by the average consumer and (ii) rendered the food unfit or defective." Id.  The court further stated that the "term 'natural' refers to bones and other substances natural to the product served, and does not encompass substances such as mold, botulinus bacteria or other substances (like rat flesh or cow eyes) not natural to the preparation of the product served." Id. at 631 n.5 (emphasis in original).

Plaintiffs allege that the meat ingested by Mr. Harris was defective due to its size and configuration.  Compl. at ¶ 24.  There is no allegation that the meat was adulterated by a foreign substance.  The size and configuration of the meat were natural to the preparation of the food sample.  Plaintiffs have cited, and the Court has found, no California case indicating that the size of a food product, without further allegation that it was adulterated by a foreign product, gives rise to a claim for strict liability.  Thus, the complaint does not support a cause of action for strict liability because it lacks facts stating a plausible claim.

Plaintiffs further assert that Mexicali does not apply to Defendants because the ruling only applies to commercial restaurant establishments.  However, Ford v. Miller Meat Co.

3

extended Mexicali Rose to vendors who prepare and process meat. 28 Cal. App. 4th 1196, 1199 (1994).  Indeed, if Mexicali Rose applied only to commercial restaurants, the rule from Mix v. Ingersoll Candy Co., 6 Cal.2d 674 (1936), would remain.  Under this prior rule, a substance causing injury that is natural to the food can never lead to tort or implied warranty liability.  Thus, if Plaintiffs were correct and Mix applied, their negligence claims based on the unreasonably large food portion, unadulterated by a foreign object, would likewise be not cognizable.

## CONCLUSION

Defendants' motion to dismiss Plaintiffs' second cause of action is GRANTED.  Docket No. 8.

IT IS SO ORDERED.

Dated: 1/20/2011

CLAUDIA WILKEN
United States District Judge

4