IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTHELLEN HARRIS, individually and as personal representative of ROBERT JEAN HARRIS; HEATHER HARRIS; JAMIE HARRIS AND GREG HARRIS,<br><br>          Plaintiffs,<br><br>     v.<br><br>COSTCO WHOLESALE CORPORATION and WAREHOUSE DEMO SERVICES, INC.,<br><br>          Defendants.<br>_____/ | No. C 10-04626 CW<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT (Docket No 75). |

INTRODUCTION

Defendants Costco Wholesale Corporation and Warehouse Demo Services, Inc. move under Rule 12(b)(6) to dismiss Plaintiffs' Second Amended Complaint for failure to state a claim. (Docket No.75). Plaintiffs oppose the motion. Having considered all of the papers filed by the parties, the Court DENIES Defendants' motion to dismiss.

BACKGROUND

On June 5, 2010, Robert Jean Harris (decedent) died after choking on a sample of tri-tip meat allegedly prepared and served to him by Defendants at Costco Wholesale Corporation Store #422 in South San Francisco, California. Pursuant to California Code of Civil Procedure section 377.30, Plaintiff Ruthellen Harris is decedent's personal representative. Plaintiffs Ruthellen Harris, Heather Harris, Jamie Harris, and Greg Harris also proceed individually as decedent's surviving spouse and children. Cal.

Civ. Proc. Code § 377.60.  Plaintiffs filed a complaint, (Docket No. 1), which was later amended with leave of the Court (Docket No. 47).  The First Amended Complaint (1AC) was challenged by Defendants for failure to state a claim and ultimately dismissed by the Court with leave to amend.  (Docket Nos. 50, 52, 53, 57, 72).

Plaintiffs then filed a Second Amended Complaint (2AC) against Defendants Costco Wholesale Corporation and Warehouse Demo Services, Inc.  (Docket No. 74).  The 2AC contains five causes of action:  (1) "Wrongful Death - Negligence" against both Defendants; (2) "Wrongful Death - Products Liability, Negligence" against both Defendants; (3) "Negligent Retention of an Independent Contractor" against Costco; (4) "Negligent Supervision" against Costco; and (5) "Survival Action" against both Defendants. (Docket No. 74).  Defendants moved to dismiss all claims on the grounds that they had no legal duty to decedent. (Docket No. 75).  Plaintiffs filed a response to the motion and Defendants filed a joint reply.  (Docket Nos. 76, 77).

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most

2

favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

## DISCUSSION

All Plaintiffs' claims allege that Defendants "negligently and carelessly" provided a tri-tip sample measuring between three and five inches in length in violation of their own policy and food and hospitality industry custom and practice.  2AC § 33, 34.  Defendants argue that they did not have a legal duty to provide or serve meat of a particular size.

"The threshold element of a cause of action for negligence is the existence of a duty to use due care."  Paz v. State of Cal., 22 Cal. 4th 550, 559 (2000), citing Bily v. Young & Co., 3 Cal. 4th 370, 397 (1992).  Aside from affirmative duties that arise in the context of special relationships, a person is responsible for "an injury occasioned to another by his want of ordinary care or skill in the management of his property or person."  Cal. Civ. Code § 1714(a).  "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide."  Vasquez v. Residential Inv., Inc., 118 Cal. App. 4th 269, 278 (2004).

Exceptions to the general duty to use reasonable care are determined by balancing public policy factors including the foreseeability of the harm suffered, the closeness of connection between the alleged breach and the harm, the certainty of the harm

3

suffered, the moral blame attached to the behavior alleged, the consequences and burden to the community that would result from finding a legal duty in the case, and the prevalence of insurance for the risk involved. Rowland v. Christian, 69 Cal. 2d 108, 112 (1968). In the absence of a statutory provision establishing an exception to the general duty of care, courts should create one only where "clearly supported by public policy." Cabral v. Ralphs Grocery Co., 51 Cal. 4th 764, 772 (2011), quoting Rowland, 69 Cal. 2d at 112; Merrill v. Navegar, 26 Cal. 4th 465, 477 (2001).

The 1AC did not clearly define what legal duty Defendants owed decedent; it used broad terms insufficient to put Defendants on notice of the claims against them. Moreover, Plaintiffs failed to include any facts that suggested a breach of the alleged duty, or any information to support the claim that Defendants even provided decedent with a meat product.

Plaintiffs have cured these defects in the Second Amended Complaint, asserting Defendants had a duty to use due care when preparing and serving tri-tip samples for public consumption without utensils. They did not include several previously named Defendants who were merely actors in the supply chain and had no involvement in preparing or serving the meat sample to the public. Plaintiffs allege a food and hospitality industry custom and practice that calls for cutting tri-tip into small pieces before distributing it as samples for consumption. Food providers have a duty to use due care in the preparation and service of food to the public. Mexicali Rose v. Superior Court, 1 Cal. 4th 617, 623 (1992), (quoting Mix v. Ingersoll Candy Co., 6 Cal. 2d 674, 680 (1923)).

4

Decedent was allegedly found in close proximity to the table at which Warehouse Demo Services was providing tri-tip samples to Costco customers. According to the complaint, a paramedic has stated that he removed a three to five inch piece of tri-tip from decedent's throat using forceps, and another witness confirms the size and type of meat. These additional facts are sufficient to cure the defects in the previous complaint.

## CONCLUSION

For the forgoing reasons, the motion to dismiss is DENIED. IT IS SO ORDERED.

Dated: **9/13/2011**

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

5