IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTHELLEN HARRIS, individually and as personal representative to ROBERT JEAN HARRIS, HEATHER HARRIS, JAMIE HARRIS, and GREG HARRIS,<br><br>        Plaintiffs,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION, WAREHOUSE DEMO SERVICES, INC., CARGILL MEAT SOLUTIONS CORPORATION, FRESH CHOICE INTERNATIONAL, LLC AND DOES 1-100, inclusive,<br><br>        Defendants.<br>_____/ | No. C 10-4626 CW<br><br>PRETRIAL ORDER |

A pretrial conference was held in the above entitled case on May 23, 2012. The Court ruled on the parties' motions in limine as follows:

Plaintiffs' Motions.

1. Granted. The decedent's tax history will be excluded as long as the parties can agree upon an accurate way to inform the jury of his earnings history for damages purposes.

2. Granted as unopposed. Evidence of the decedent's 1997 bankruptcy is excluded.

3. Granted. The decedent's medical history is excluded, except to the extent that it is relevant to his life expectancy. Hearsay within the medical records is excluded, except to

    the extent that it may be covered by a hearsay exception such as a statement for purposes of medical diagnosis.

4. Granted in part. Hearsay within hearsay contained in paramedics' and coroner's reports and the like is excluded unless a hearsay exception covers both levels of hearsay. A statement of a present sense impression may cover some of the evidence.

5. Granted as unopposed. Hearsay evidence of opinions of causation is excluded.

6. Denied. Plaintiff makes no colorable <u>Daubert</u> challenge to Defendant's experts.

Defendant's Motions.

1. Granted as unopposed. There will be no references to Defendant's insurance.

2. Granted. There does not appear to be any evidence of other lawsuits against Defendant, and if there were, it would be inadmissible unless a strong showing of relevance were made.

3. Granted in part. Evidence of Defendant's net worth is excluded. Evidence of its experience, types of business, and number of customers and employers may be admitted as relevant to its knowledge and intent.

4. Denied. Defendant makes no colorable <u>Daubert</u> challenge to Plaintiff's experts.

    Discovery requests propounded after the discovery cut-off

2

need not be fulfilled. The proposed verdict form appears acceptable. The voir dire questions will be selected by the trial judge. Neither party intends to proffer discovery excerpts. The parties shall meet and confer in an attempt to eliminate duplicative or cumulative witnesses, and to avoid calling any witness twice. The parties shall meet and confer and attempt to provide both preliminary and final jury instructions, in order, without instructions that are unnecessary because they address matters not relevant or not in dispute, such as course and scope of employment and mitigation. Plaintiff's instruction on the limited significance of Defendant's alleged failure to follow its own procedures is correct. Such procedures do not define Defendant's duty of care and a failure to follow them is not in itself negligence, but may be evidence of negligence.

The case shall proceed on June 18, 2012, at 8:30 a.m. to a jury trial of eight days or less before the Honorable Jacqueline S. Corley on the consent of the parties. The parties shall provide Judge Corley with their exhibit binders. This Court's pre-trial orders shall continue to apply unless Judge Corley modifies them.

Dated:  
CLAUDIA WILKEN  
United States District Judge

cc: JSC